United States District Court
Southern District of Texas
**ENTERED**

December 23, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMY INOCENCIO, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-20-3321 |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| Defendant. | § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Vacate Judgment Dismissing

Complaint and Motion for Leave to Amend Complaint ("Motion to Vacate") [Doc.

# 12] filed by Plaintiff Amy Inocencio.  Plaintiff moves pursuant to Rule 60(b)(1) of

the Federal Rules of Civil Procedure[1] for an order vacating the Court's Dismissal

Order [Doc. # 11] entered November 9, 2020.  Defendant Wal-Mart Stores Texas,

LLC ("Wal-Mart") filed a Response [Doc. # 13] in opposition to the Motion to

Vacate.  Plaintiff neither filed a reply nor requested an extension of time to do so.

Having reviewed the record and the applicable legal authorities, the Court **denies** the

Motion to Vacate.

---

[1]      Although Rule 59(e) of the Federal Rules of Civil Procedure permits a litigant to file
a motion to alter or amend a judgment within 28 days after the entry of the judgment,
Plaintiff moves specifically pursuant to Rule 60(b)(1). *See* Motion to Vacate, p. 1.

## I.   <u>BACKGROUND</u>

Plaintiff filed this lawsuit in Texas state court.  In the Original Petition, Plaintiff asserted a negligence claim in connection with her slip and fall at a Wal-mart store. Plaintiff did not assert a premises liability cause of action.  Wal-Mart removed the lawsuit to federal court.  *See* Notice of Removal [Doc. # 1].

After removal, Wal-Mart filed a Motion to Dismiss [Doc. # 7].  On October 16, 2020, the Court issued an order noting that the Motion to Dismiss would not be fully briefed and decided by the scheduled pretrial conference.  *See* Order [Doc. # 8].  As a result, the Court rescheduled the pretrial conference and extended the deadline for the parties' Joint Discovery/Case Management Plan.  *See id.*

Plaintiff failed to respond to the Motion to Dismiss by the October 23, 2020, deadline established by the Southern District of Texas Local Rules and this Court's Procedures.  *See* S.D. TEX. R. 7.3, 7.4; Atlas Court Procedures 7(A)(4).  In the interest of justice, the Court issued an Order [Doc. # 10] directing Plaintiff to file by November 4, 2020, either a response to the Motion to Dismiss or an amended complaint.  Plaintiff neither complied with the Court's Order nor requested an extension of the November 4, 2020 deadline.

Therefore, there being no opposition filed, the Court reviewed the Motion to Dismiss on the merits.  The Court held that under Texas law, a negligent activity

theory, unlike a premises liability theory, "requires that the person have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity." *See* Dismissal Order [Doc. # 11], pp. 1-2 (citing *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992)).  The Court held that Plaintiff failed to state a claim for negligence under Texas law because she did not allege an activity, rather than a condition, that caused her to slip and fall.  *See id.* at 2.  On that basis, the Court granted the Motion to Dismiss.

The next day, November 10, 2020, Plaintiff filed the pending Motion to Vacate, arguing that the failure to respond was the result of excusable neglect.  The Motion to Vacate is now ripe for decision.

## II.    <u>RULE 60(b)(1) STANDARD</u>

Plaintiff moves to vacate the Dismissal Order pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure.  *See* Motion to Vacate, p. 1.  Rule 60(b)(1) allows for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1).  The determination of what types of neglect will be considered excusable is "an equitable one, taking account of all relevant circumstances surrounding the party's omission."  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).  Nonetheless, "the inquiry is not wholly open-ended."  *Trevino v. City of Fort Worth*, 944 F.3d 567, 571 (5th

Cir. 2019).  A party has a "duty of diligence to inquire about the status of a case" and "[g]ross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief." *Id.* (quoting *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993)). "In fact, a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." *Id.*; *see also In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 2020 WL 7062469, *7 (5th Cir. Dec. 2, 2020).  "Generally, calendering errors are insufficient to establish excusable neglect."  *See Byford v. Fontenot*, 2020 WL 1815871, *2 (S.D. Tex. Apr. 9, 2020) (Miller, J.), and cases cited therein.

## III.   <u>ANALYSIS</u>

Plaintiff's counsel seeks relief pursuant to Rule 60(b)(1), arguing that his failure to respond to Defendant's Motion to Dismiss, either by the original deadline or by the extended deadline imposed by Court order, was the result of excusable neglect. Counsel argues that he thought email notification of filings through the Court's Electronic Case Filing system ("ECF") would go to the email address eserve@puschnguyen.com (the "eserve address").

Since January 1, 2007, the Southern District of Texas has used ECF as its case filing and management system.  Since that date, all documents must be filed

electronically.[2]  *See* Administrative Procedures for Electronic Filing in Civil and Criminal Cases ("ECF Procedures"), 1(B).  Every attorney admitted to practice in the Southern District of Texas is required to register as an ECF Filing User, which constitutes consent to receive electronic service of documents at the email address provided.  *See id.* at 2(A).  When a document is filed electronically, ECF generates a Notice of Electronic Filing and sends it to the email address(es) provided, which constitutes service of the document on the parties using ECF.  *See id.* at 9(A); *see also* S.D. Tex. LR 5.1.  Similarly, any time the Court issues an order or other document, a Notice of Electronic Filing is generated and emailed to counsel at the email address provided.  *See* ECF Procedures, 10(A).

In July 2019, Plaintiff's counsel obtained admission to practice in the Southern District of Texas.  *See In re Attorney Admissions*, 4:19-mc-1822 [Doc. # 13-2].  Plaintiff's counsel provided apusch@puschnguyen.com (the "apusch address") as his email address.  *See id.*

Wal-Mart filed its Notice of Removal on September 25, 2020.  The ECF Notice of Electronic Filing receipt shows that the Notice of Removal and accompanying exhibits were emailed to Plaintiff at the "apusch" address, the address listed in Plaintiff's lawyer's attorney admission registration.  Additionally, Defendant's

---

[2]     There are some exceptions to this requirement, but none are applicable here.

attorney emailed a courtesy copy of the removal documents to Plaintiff's counsel at both the "apusch" address and the "eserve" address.  *See* Email [Doc. # 13-1].  At that point, Plaintiff through her attorney was aware that the case had been removed to and was pending in this federal court.  The ECF Notice of Electronic Filing of the Notice of Removal identified, and provided to counsel, the federal court case number.

Wal-Mart filed its Motion to Dismiss on October 2, 2020.  An ECF Notice of Electronic Filing was sent to Plaintiff at her attorney's "apusch" address, constituting service on Plaintiff of the Motion to Dismiss.  On October 16, 2020, the Court issued an order referring to the Motion to Dismiss by title and docket entry number.  *See* Order [Doc. # 8].  The October 16, 2020 Order was served on Plaintiff via an ECF Notice of Electronic Filing sent to her attorney at the "apusch" address.

When Plaintiff failed to respond to the Motion to Dismiss by the October 23, 2020, deadline established by the Southern District of Texas Local Rules, the Court issued an Order [Doc. # 10] directing Plaintiff, by November 4, 2020, to file either a response to the Motion to Dismiss or an amended complaint.  This Order was served on Plaintiff by an ECF Notice of Electronic Filing sent to her attorney at the "apusch" address.

Plaintiff did not file an amended complaint or a response to the Motion to Dismiss by the November 4, 2020, deadline.  Therefore, the Court considered the

merits of the Motion to Dismiss, granted the motion, and dismissed the case by Dismissal Order [Doc. # 11] entered November 9, 2020.  The Dismissal Order was served on Plaintiff by an ECF Notice of Electronic Filing sent to her attorney at the "apusch" address.

Plaintiff's counsel explains that he thought all ECF notifications were being sent to an email address different from the one he provided and, therefore, he was not checking the "apusch" address for ECF notifications of filings in this case.  Plaintiff's explanation for his failure to respond to the Motion to Dismiss, either by the deadline imposed by the Court's Local Rules or by the extended deadline imposed by Court order, does not constitute excusable neglect.  Initially, Plaintiff was served with and given notice of every filing in this case through her attorney at the address he provided to the Court.  Counsel has a "duty of diligence" to monitor his cases.  *See Trevino v. City of Fort Worth*, 944 F.3d 567, 571 (5th Cir. 2019).  Counsel's explanation for his failure to respond to the Motion to Dismiss indicates that he did not check is registered email address or otherwise monitor the status of this case at any time between the filing of the Motion to Dismiss on October 2, 2020, and entry of the Dismissal Order on November 9, 2020.

Additionally, Plaintiff's attorney states that he "made the assumption that any filings and events in this matter were being communicated to Plaintiff's counsel's staff

by way of" the "eserve" address.  Counsel's lack of effective procedures for communicating with his staff, and his assumption that the Court would send ECF notifications to an address other than the one he provided, is not excusable neglect.

In the Motion to Vacate, Plaintiff argues that a motion to dismiss to which no response is filed should not be granted without consideration of the merits of the motion.  *See* Motion to Vacate, p. 2.  It is clear from the Dismissal Order that the Court considered the merits of the Motion to Dismiss and explained why Plaintiff's state court petition failed to state a claim for relief.  *See* Dismissal Order, pp. 1-2.  The Court did not grant Defendant's Motion to Dismiss simply because Plaintiff failed to file any opposition.

Plaintiff argues also that the Court should have considered "lesser sanctions" rather than dismiss Plaintiff's claims in this case.  The Court dismissed the case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief could be granted.  *See id.* at 2.  The Court did not dismiss this case as a sanction.

It is undisputed that Plaintiff's counsel failed to monitor this case, failed to monitor the email address he had provided for ECF notifications, and assumed that the Court would communicate with counsel's staff through a different email address. Counsel's conduct was not "excusable neglect" for purposes of Rule 60(b)(1) relief.

*See, e.g., Matter of Thompson*, 823 F. App'x 280, 281 (5th Cir. Sept. 29, 2020) (Plaintiff failed to demonstrate excusable neglect where counsel "failed to ensure that someone was checking the post-office box he provided, and he failed to check the status of his case").  It would be an abuse of discretion to reopen this case under Rule 60(b)(1) when Plaintiff's explanation for not responding to the Motion to Dismiss is attributable solely to counsel's carelessness.  *See Trevino v. City of Fort Worth*, 944 F.3d 567, 571 (5th Cir. 2019).

The Court recognizes that this result seems harsh.  Yet at times a client may suffer the dismissal of his lawsuit because of his attorney's unexcused conduct.  *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396 (1993) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962)).  As the Supreme Court in *Link* stated:

> Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.

*Link*, 370 U.S. at 633-34 (internal quotations and citation omitted).

## IV.   **CONCLUSION AND ORDER**

Plaintiff has failed to establish excusable neglect pursuant to Rule 60(b)(1).  As

a result, it is hereby

**ORDERED** that Plaintiff's Motion to Vacate [Doc. # 12] is **DENIED**.

SIGNED at Houston, Texas, this 23rd day of **December, 2020**.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE